IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA FREDRICKSON,<br><br>Plaintiff,<br><br>v.<br><br>REGENTS OF UNIVERSITY OF CALIFORNIA, et al.,<br><br>Defendants. | No. C 06-03335 JSW<br><br>**TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON DECEMBER 1, 2006 AT 9:00 A.M.:

The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court **tentatively GRANTS** Defendant BC Life & Health Insurance Company's ("BC Life") petition to compel binding arbitration.

The parties shall have 15 minutes to address the following questions:

1. Why should the Court consider Fredrickson's opposition to the petition which was due by Court order to be filed no later than August 18, 2006 but was filed without explanation on November 1, 2006?

2. There are several conflicting representations regarding the effective date of the subject arbitration provision. BC Life's opening brief states that the provision became effective on August 16, 2004. (Motion at 2.) The copy of the plan, attached to the Declaration of Ronald R. Odom in support of the motion, is dated effective September 1, 2005. (Odom Decl., Ex. A.) BC Life's Vice President of Account Management, Susan Ohanian, declares on reply that the Student Health Insurance Program has continuously been insured by BC Life since its original effective date of September 1, 1989. (Ohanian Decl., ¶ 4.) What is the effective date of the arbitration provision at issue in this case?

3. On what basis does Fredrickson contend that California Health and Safety Code applies to BC Life which is licensed and regulated by the Department of Insurance and subject to regulation under the Insurance Code? If the arbitration agreement became effective prior to the enactment of the applicable disclosures regulation, on what basis does Fredrickson contend that the policy is invalid for failure to comply? (*See Wolitarksy v. Blue Cross*, 53 Cal. App. 4th 338, 348 (1997).)

4. Should the Court grant the petition, does BC Life, or Fredrickson, request that the Court stay the entire matter, including as to the remaining defendants, pending determination of Fredrickson's dispute with BC Life in the arbitral forum?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: November 22, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2