IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA FREDRICKSON,<br><br>    Plaintiff,<br><br>v.<br><br>REGENTS OF UNIVERSITY OF CALIFORNIA, a governmental entity; BC LIFE AND HEALTH INSURANCE COMPANY, a corporation; DR. MICHELLE FAMULA, M.D., an individual; and DOES 1 through 10, inclusive,<br><br>    Defendants.<br>_____/ | No. C 06-03335 JSW<br><br>**NOTICE OF TENTATIVE RULING AND QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING **TENTATIVE** RULING AND QUESTIONS FOR THE HEARING SCHEDULED ON FEBRUARY 9, 2007 AT 9:00 A.M.:

    The Court has reviewed the parties' papers and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

    The Court **tentatively GRANTS** defendants Regents of the University of California and Dr. Michelle Famula's motion to dismiss the Title IX, Unruh Civil Rights Act, and 42 U.S.C.

§ 1983 claims for injunctive relief. The Court **tentatively DENIES** Defendants' motion to dismiss the Title IX damages claim against Regents and **tentatively GRANTS** the motion to dismiss the Title IX damages claim against Dr. Famula. The Court **tentatively DENIES** Defendants' motion to dismiss the claim for damages under the Unruh Civil Rights Act against Dr. Famula. The Court **tentatively GRANTS** Defendants' motion to dismiss the section 1983 damages claim against Regents, and **tentatively GRANTS** Defendants' motion to dismiss the causes of action for breach of contract and breach of the covenant of good faith and fair dealing.

The parties shall have 15 minutes to address the following questions:

1. What facts can Plaintiff allege that would indicate a likelihood of future harm by Defendants?

2. Does Plaintiff have any definite intentions to attend or work for the University of California in the future?

3. In their reply brief, Defendants argue that Title IX does not provide a cause of action against individuals. (Reply Br. at 3.) The Eighth, Eleventh, Seventh and First Circuits have all barred individual liability under Title IX. *Kinman v. Omaha Pub. Sch. Dist.*, 171 F.3d 607, 611 (8th Cir. 1999); *Floyd v. Waiters*, 133 F.3d 786, 789 (11th Cir. 1998), *vacated and remanded*, 525 U.S. 802 (1998), *reinstated*, 171 F.3d 1264 (11th Cir. 1999), *cert. denied*, 528 U.S. 89 (1999); *Smith v. Metro. Sch. Dist.*, 128 F.3d 1014, 1019-20 (7th Cir. 1997), *cert. denied*, 524 U.S. 951 (1998); *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 901 (1st Cir. 1988). What is Plaintiff's best argument that Title IX should apply to individuals?

4. The California Supreme Court has upheld an Unruh Civil Rights Act claim against both a company and its employee. *Burks v. Poppy Constr. Co.*, 57 Cal. 2d 463, 467-68 (1962); *see also Jackson v. Super. Ct.,* 30 Cal. App. 4th 936, 938 (1994) (claim against bank and employee). What is Defendants' best argument that the Unruh Civil Rights Act does not apply to individuals?

5. Do the parties have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: February 6, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2